UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SANDRA MATSUMARA, individually         No. 2:09-cv-01835-MCE-DAD
and on behalf of all others
similarly situated,

          Plaintiff,

     v.                                MEMORANDUM AND ORDER

RIDEOUT MEMORIAL HOSPITAL, and
DOE 1 through 100,

          Defendant.

                         ----oo0oo----

     Through this action Plaintiff Sandra Matsumara
("Plaintiff"), individually and on behalf of a class of persons
similarly situated, alleges several violations of state and
federal labor laws arising out of employment at Defendant
Rideout-Memorial Hopsital ("Defendant").

///

///

///

///

1

1    Presently before the Court Defendant[1] moves to strike

2  Plaintiff's proposed class, referenced as "Class A-226", pursuant

3  to Federal Rule of Civil Procedure 12(f) on the grounds that it

4  fails to meet the class requirements of Federal Rule of Civil

5  Procedure 23.  Alternatively, Defendant seeks to dismiss the

6  class claims alleged by Plaintiff pursuant to Federal Rule of

7  Civil Procedure 12(b)(6).[2]  For the reasons set forth below,

8  Defendant's motions are granted in part and denied in part.

9

10                          **BACKGROUND**[3]

11

12    Plaintiff was employed as a pharmacist by Defendant from

13  2003-2008.  Plaintiff alleges that during her employment she and

14  other pharmacists were forced to work through statutorily

15  required rest periods and meal breaks.  Plaintiff asserts that

16  Defendant was required to compensate her overtime pay for hours

17  worked during said rest periods, and that such compensation

18  should have occurred either at the time of her employment or as

19  backpay upon her termination.  Defendant, however, at no time

20  paid the compensation to which Plaintiff believes she is

21  entitled.

22

23  _____

24    [1] The current motions were originally brought by Defendants
    The Fremont-Rideout Health Group and Rideout Memorial Hospital.
25  The Fremont-Rideout Health Group was subsequently terminated
    pursuant to Stipulation and Order at Docket No. 19.
26
      [2] Unless otherwise stated, all further references to a Rule
27  are to the Federal Rules of Civil Procedure.

28    [3] The factual assertions in this section are based on the
    allegations in Plaintiff's Complaint unless otherwise specified.

1   Plaintiff further alleges that the wage statements Defendant
2   provided lacked statutorily required information including the
3   legal name of the provider, total number of hours worked, and the
4   rate at which the employee was compensated for hours worked.
5   Plaintiff states that Defendant's failure to provide the required
6   information has made it difficult for her and others to apply for
7   unemployment insurance and worker's compensation, to prepare
8   their tax returns, and to verify whether they were paid
9   correctly.

10   Plaintiff subsequently filed suit under the California Labor
11   Code, California Business and Professions Code, and Fair Labor
12   Standards Act alleging individual and class claims for overtime,
13   continuing wages, disgorgement of profits and injunction, meal
14   period and rest break violations, improper wage statements,
15   timely payment of earned wages, and for civil penalties under the
16   California Private Attorney General Act of 2004.

17   Defendant moves to strike Plaintiff's proposed wage-
18   statement class on the grounds that it is an unascertainable and
19   improper "fail safe" class.  Defendant's original 12(b)(6) Motion
20   sought to dismiss Plaintiff's first, second, and fourth through
21   eighth claims on the grounds that Plaintiff's class allegations
22   fail to state a claim upon which class relief can be granted.
23   However, parties subsequently entered into a stipulation (Docket
24   No. 19) effectively striking the class claims of Plaintiff's
25   First, Second, Fourth, Fifth, and Seventh Causes of Action.
26   ///
27   ///
28   ///

3

Consequently, in addressing Defendant's present Motion to Strike and Motion to Dismiss, the Court need only discuss Plaintiff's Sixth Cause of Action for Improper Wage Statement, and Eighth Cause of Action for Civil Penalties pursuant to the California Private Attorney General Act.

**STANDARD**

**1.   Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  <u>Id</u>. at 1964-65 (internal citations and quotations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.

///

///

1  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and

2  Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must

3  contain something more...than...a statement of facts that merely

4  creates a suspicion [of] a legally cognizable right of action")).

5      "Rule 8(a)(2)...requires a 'showing,' rather than a blanket

6  assertion of entitlement to relief.  A court is not required to

7  accept as true a legal conclusion couched as a factual

8  allegation.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

9  Without some factual allegation in the complaint, it is hard to

10 see how a claimant could satisfy the requirements of providing

11 not only 'fair notice' of the nature of the claim, but also

12 'grounds' on which the claim rests."  Twombly, 550 U.S. 556 n.3.

13 A pleading must contain "only enough facts to state a claim to

14 relief that is plausible on its face."  Id. at 570.  If the

15 "plaintiffs...have not nudged their claims across the line from

16 conceivable to plausible, their complaint must be dismissed."

17 Id.   Nevertheless, "[a] well-pleaded complaint may proceed even

18 if it strikes a savvy judge that actual proof of those facts is

19 improbable, and 'that a recovery is very remote and unlikely.'"

20 Id. at 556.

21     A court granting a motion to dismiss a complaint must then

22 decide whether to grant leave to amend.  A court should "freely

23 give" leave to amend when there is no "undue delay, bad faith[,]

24 dilatory motive on the part of the movant,...undue prejudice to

25 the opposing party by virtue of...the amendment, [or] futility of

26 the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371

27 U.S. 178, 182 (1962).

28 ///

Generally, leave to amend is denied only when it is clear the
deficiencies of the complaint cannot be cured by amendment.
DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.
1992).

### 2.   Motion to Strike the Proposed Class

A court may only certify a class if plaintiff demonstrates
that all of the prerequisites of Rule 23(a) have been met, and
that at least one of the requirements of Rule 23(b) have been
met. See Fed. R. Civ. P. 23; see also Valentino v.
Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).

Rule 23(a) provides four prerequisites that must be
satisfied for class certification: (1) the class must be so
numerous that joinder of all members is impracticable,
(2) questions of law or fact exist that are common to the class,
(3) the claims or defenses of the representative parties are
typical of the claims or defenses of the class, and (4) the
representative parties will fairly and adequately protect the
interests of the class. See Fed. R. Civ. P. 23(a). Rule 23(b)
requires a plaintiff to establish one of the following: (1) that
there is a risk of substantial prejudice from separate actions;
(2) that declaratory or injunctive relief benefitting the class
as a whole would be appropriate; or (3) that common questions of
law or fact predominate and the class action is superior to other
available methods of adjudication. See Fed. R. Civ. P. 23(b).
///
///

District courts must make determinations that each
requirement of Rule 23 is actually met.  While plaintiffs need
not make more than allegations as to their substantive claims,
whether the suit is appropriate for class resolution must
actually be demonstrated, not just alleged.  <u>Dukes v. Wal-Mart,
Inc.</u>, 603 F.3d 571, 590 (9th Cir. 2010).

The Ninth Circuit recently advised that the text of Rule
23(a) as compared to Rule 23(b) may require the district court to
determine more or different facts in deciphering whether the
plaintiffs have met their Rule 23 burden. <u>Id</u>. at 594.  For
example, what must be satisfied for the commonality inquiry under
Rule 23(a)(2) is that plaintiffs establish common questions of
law and fact.  <u>Id</u>. at 594.  Conversely, the predominance test
under Rule 23(b)(3) "tests whether proposed classes are
sufficiently cohesive to warrant adjudication by representation,"
a standard "far more demanding" than the commonality requirement
of Rule 23(a).  <u>Id</u>. at 593 (<u>citing</u> <u>Amchem Prods., Inc. v.
Windsor</u>, 521 U.S. 591, 623-24 (1997)).

**ANALYSIS**

**A.   Sixth Cause of Action for failure to Pay Wages with
Proper Wage Statement**

Plaintiff brings her Sixth Cause of Action on behalf of
herself and Class A-226 Members, alleging that Defendant failed
to provide proper wage statements in violation of California
Labor Code § 226.
///

7

1    Plaintiff defines Class A-226 as "all natural persons who were

2    tendered a paycheck by one or more of the Defendants in

3    California during the one year before the filing of this

4    Complaint through the date of the filing of a Motion for Class

5    Certification."  Plaintiff argues that this class, as defined,

6    consists of persons who received defective wage statements.

7    Plaintiff provides one of her own pay stubs as example.

8        Assuming *arguendo* that Plaintiff's broadly defined class

9    does meet Rule 23 requirements, the claim alleged must still

10   adhere to the pleading standard of Rule 12(b)(6) by stating a

11   claim that surpasses mere speculation.  However, Plaintiff has

12   failed to allege any basis for her belief that members of Class

13   A-226 all received defective pay stubs similar to her own.  To

14   the extent that Plaintiff simply assumes that all employees

15   within the defined class received similar pay stubs, she fails to

16   identify any facts or circumstances that led to her to arrive at

17   such a conclusion.  At best, Plaintiff's Opposition states that

18   "all employees received pay stubs in the same format, regardless

19   of the employee's position or status."  However, statements in

20   the Opposition may not supplant insufficiencies of the Complaint.

21       Regardless, even if Plaintiff's assumption was articulated

22   within the Complaint, it still would be an insufficient

23   allegation to push her claim beyond the mere speculative level as

24   necessary to survive a motion to dismiss.  The class Plaintiff as

25   defined includes employees outside of her department, employees

26   outside of her position, and both salaried and hourly workers.

27   ///

28   ///

1    Without further factual support, the Court cannot adopt the
2    tenuous assumption that every employee in every department of the
3    Defendant Hospital received defective pay stubs within the past
4    year.
5         For these reasons, Defendant's Motion to Dismiss the class
6    claims of Plaintiff's Sixth Cause of Action is GRANTED.
7    Accordingly, Defendant's Motion to Strike Plaintiff's proposed
8    Class A-226 is denied as moot.
9
10        **B.    Eighth Cause of Action for Civil Penalties Pursuant to
              the California Private Attorney General Act of 2004**
11
12
13        Defendant's Motion includes Plaintiff's Eighth Cause of
14   Action in the list of class claims it seeks to dismiss.  However
15   Plaintiff does not specifically allege her Eighth Cause of Action
16   as a class claim but rather brings said claim against Defendant
17   on behalf of the State of California for the violations alleged
18   in the Complaint.  The California Private Attorney General Act
19   ("PAGA"), Cal. Lab. Code § 2699(a), permits *qui tam* actions by
20   private individuals for various infractions of the California
21   Labor Code.  Under California Law, Plaintiff need not obtain
22   class certification to bring a PAGA claim.
23        Because Plaintiff's Eighth Cause of Action does not fall
24   within the scope of Defendant's intent to dismiss *class* claims,
25   Defendant's Motion to Dismiss Plaintiff's Eighth Cause of Action,
26   is DENIED.
27   ///
28   ///

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss the class claims of Plaintiff's Sixth Cause of Action (Docket No. 12) is GRANTED with leave to amend.  Defendant's Motion to Strike Plaintiff's Proposed Class A-226 is DENIED as moot. Defendant's Motion to Dismiss Plaintiff's Eighth Cause of Action is also DENIED.[4]

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's class claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: June 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  Local Rule 230(g).

10